■ ALVA WALTERS et al., Plaintiffs, v CITY OF NEW YORK, Defendant, and SCHIAVONE CONSTRUCTION CORP. et al., a Joint Venture, Defendants and Third-Party Plaintiffs-Respondents. LESKAY CONSTRUCTION CORP., Third-Party Defendant-Appel-

lant.—Order, Supreme Court, New York County (Edward H. Lehner, J.), entered on or about February 8, 1989, which denied third-party defendant Leskay Construction Corp.'s motion for summary judgment dismissing the third-party complaint, is unanimously affirmed, with costs.

The main action against defendant joint venture having not yet been settled, the possibility exists, even if remote, that a judgment in the main action will exceed the limits of the joint venture's insurance, which would give rise to a claim of indemnity in favor of the joint venture apart from the claim of its insurer in subrogation. The joint venture, in other words, is asserting its own interests in the third-party action, as well as those of its insurer, and it is in this respect that the case is distinguishable from *Pennsylvania Gen. Ins. Co. v Austin Power Co.* (68 NY2d 465), where the indemnitee's cross claim could only be regarded as asserted the interests of its insurer. Thus, at this juncture, it cannot be said that the third-party action is one brought by an insurer improperly pursuing subrogation against its own insured. Our affirmance is as to the result reached by IAS only, and the conclusions of that court as to the rights of the respective insurers are not to be viewed as binding in subsequent proceedings. We note that in *Pennsylvania Gen. (supra,* at 472), the separate insurance, i.e., coinsurance, purchased by the indemnitor-additional insured was regarded as a "mere fortuity" not warranting an exception to the general rule barring a subrogation claim by an insurer against its own insured. Concur—Murphy, P. J., Carro, Milonas, Kassal and Wallach, JJ.