**WE TRY HARDER, INC., Plaintiff–Appellee,**

**v.**

**TRANSOUTHERN FREIGHT SYSTEM, INC., dba, Pilot Air Freight Corporation, Defendant–Appellant.**

**No. 89–8419.**

United States Court of Appeals, Eleventh Circuit.

May 23, 1990.

As Amended May 24, 1990.

---

\* Senior Judge Lewis R. Morgan has elected to participate in further proceedings in this matter pursuant to 28 U.S.C. 46(c).

Rex David Smith, Stefan Ritter, Chambers, Mabry, McClelland & Brooks, Atlanta, Ga., for defendant-appellant.

Guerry R. Moore, Lynn M. Roberson, Swift, Currie, McGhee & Hiers, Atlanta, Ga., for plaintiff-appellee.

Before TJOFLAT, Chief Judge,
TUTTLE and RONEY *, Senior Circuit Judges.

PER CURIAM:

Plaintiff We–Try–Harder, Inc. (WTH) leased a fleet of cars to defendant, Transouthern Freight System, Inc. One of the cars collided with a car driven by Ricky Thompson. Ricky Thompson recovered a judgment in the amount of $770,000 in a state negligence action against WTH as owner of the leased vehicle.

WTH had agreed to provide $250,000 liability insurance on each leased vehicle. It brought this action against Transouthern for the excess of the judgment over the $250,000, alleging that Transouthern had agreed to indemnify WTH against any losses it might sustain as a result of the negligent driving of a leased vehicle.

Transouthern moved for summary judgment on the ground that the indemnity provision is void under New York law because it conflicts with the provision in the lease agreement that WTH should provide primary insurance. The district court denied that motion for summary judgment and Transouthern took this interlocutory appeal. We affirm.

Transouthern relies principally upon *Pennsylvania General Ins. Co. v. Austin Powder Co., et al.,* 68 N.Y.2d 465, 502 N.E.2d 982, 510 N.Y.S.2d 67 (1986), in its claim that New York law renders the indemnity clause void for public policy reasons. In our judgment, the district court correctly rejected the argument that the decision in *Austin* controls the disposition of this case, as follows:

The court does not accept defendant's leading argument that the indemnification clause of the Lease Agreement is void as a matter of law because it conflicts with the provision to provide primary insurance. Defendant relies on *Pennsylvania General Insurance Co. v. Austin Powder Co.,* 68 N.Y.2d 465, 502 N.E.2d 982, 510 N.Y.S.2d 67 (1986), which defendant claims is "almost precisely identical" to the case now before the court. Defendant's Consolidated Brief at 6. The court disagrees. In *Austin* the court refused to allow the owner of a leased vehicle to seek indemnification from lessee under a lease agreement that provided for the owner to provide primary insurance coverage. The owner's claim was for an amount less than the limits of the primary coverage the owner was obligated to provide. The Court of Appeals of New York held that an insurer may not recover, by indemnification from the insured, for a risk the insurer was obligated to cover. These facts are distinguishable from this action where plaintiff is seeking to recov-

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

er the amount paid in excess of the $250,-000 it was obligated to pay under the Lease Agreement.

The clearest statement that the New York Court of Appeals did not include the present situation in its analysis is found in the opinion of that court.

We further note, however, that, as the Appellate Division duly observed, the claim that court had before it in this appeal did not exceed the limits of Austin Powder's primary coverage under the Liberty Mutual Basic Automobile Policy. Accordingly, to the extent that the court discussed Austin Powder's potential obligation to provide indemnification for losses in excess of the primary coverage, its conclusion is not binding in subsequent proceedings.

502 N.E.2d at 987, 510 N.Y.S.2d at 72.

WTH and Transouthern negotiated a contract whereby one party agreed to furnish primary insurance and the other agreed to indemnify for losses in excess of the limits of the primary insurance. This was an agreed division of responsibility for liability losses. Contrary to Transouthern's argument, upholding that contractual arrangement does not create a threat to the integrity between insurer and insured relationships.

The holding of the New York Court of Appeals in *Austin* guards against an insurer recovering from an insured for the very loss it insured against. Here WTH did not insure any loss over $250,000.

We note that this appeal decides only that Transouthern's motion for summary judgment was properly denied. The denial of WTH's motion for summary judgment is not before this Court, and all of the legal and factual issues not presented by Transouthern's claim to summary judgment are still before the district court.

AFFIRMED.