■ DIGBY HAMILTON et al., Plaintiffs, v CITY OF NEW YORK et al., Defendants, and SCHIAVONE CONSTRUCTION CO., INC., et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. LESKAY CONSTRUCTION SERVICES, INC., Third-Party Defendant-Appellant-Respondent.—In a negligence action to recover damages for personal injuries, etc., the third-party defendant appeals from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated June 29, 1989, as denied its motion for partial summary judgment dismissing that part of the complaint which would hold it liable for anything covered by the insurance policy in issue, and the defendants third-party plaintiffs cross-appeal from so much of the same order as denied that branch of their motion which was to dismiss the third-party defendant's first affirmative defense.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The general liability policy at issue was procured by the defendants third-party plaintiffs from Employers Insurance of Wausau. The third-party defendant was named as an additional insured under that policy.

In its first affirmative defense to the third-party action, the third-party defendant asserted that the third-party action was, in part, a subrogation suit brought against it by its own insurance carriers. The defendants third-party plaintiffs met their burden of demonstrating the existence of triable issues of fact by citing the employee exclusion provision of the policy. The third-party defendant countered with a claim of waiver and/or estoppel. Significantly, at no time prior to the time the underlying motions were made did any party seek a declaration of coverage. It cannot be determined, at this juncture, whether the third-party action is one brought by an insurer improperly pursuing subrogation against its own insured (cf., Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465).

We further find that the determination as to whether the third-party defendant's first affirmative defense should be dismissed must await a judgment in the main action and the payment of the plaintiffs' award, if any. Bracken, J. P., Kunzeman, Sullivan and Rosenblatt, JJ., concur.