OPINION OF THE COURT
Arnold N. Price, J.
In this action to recover damages for work-related injuries, the third-party defendant, plaintiff’s employer, moves for summary judgment dismissing the third-party complaint.
The third-party plaintiff (hereinafter Yonkers) was the general contractor on a highway renovation project. The third-party defendant (hereinafter Rice-Mohawk) was hired by Yonkers to perform certain steel and iron work in connection with the project. Pursuant to the contract between them, Rice-Mohawk purchased general liability insurance and named Yonkers as an additional insured on the policy. Plaintiff, an iron worker, was allegedly injured at the project work site as a result of a fall from a crane. He commenced this action against both Yonkers and the City of New York, which owns the land upon which the work was being performed. Thereafter, Yonkers commenced a third-party action against Rice-Mohawk for contribution, common-law and contractual indemnification, and breach of the contract to procure insurance.
Rice-Mohawk alleges that the third-party action may not be maintained as it violates the antisubrogation rule set forth in Pennsylvania Gen. Ins. Co. v Austin Powder Co. (68 NY2d 465). Yonkers alleges that the liability policy excludes coverage for injuries to employees of the insured, and that the antisubrogation rule is, thus, inapplicable.
Pennsylvania Gen. (supra) involved a cross claim for indemnification by a car rental agency against a lessee of one of its vehicles. Both the agency and the lessee were covered by a liability insurance policy purchased by the agency. The lessee had agreed in the rental contract to indemnify the agency for *602 loss arising from its use of the rental vehicle. The leased vehicle caused property damage to a third party which was reimbursed by the insurer. The Court of Appeals held that the cross claim could not be maintained despite the lessee’s express indemnity agreement. On public policy grounds, the Court held that an insurer’s subrogation rights do not extend beyond third parties to reach its insured when the asserted claim arises from an incident for which coverage is provided under the policy.
Yonkers’ claim that the antisubrogation rule is not implicated because section I (c) of the policy excludes coverage for the injury at issue is disingenuous. Section I (c) is located on a page entitled "Additional Declarations-Personal Injury Liability Insurance Coverage Part.” It states that "[t]his insurance does not apply * * * to personal injury sustained by any person as a result of an offense directly or indirectly related to the employment of such person by the Named Insured.” From the policy definition of "offense” and the placement of the exclusion on an "additional declaration” page, it is clear that the section relates only to coverage for injuries arising from certain specified intentional torts. It has no bearing upon the general liability coverage, including that for bodily injury.
The causes of action asserted here for contribution and indemnity fall squarely within the antisubrogation rule of Pennsylvania Gen. (supra). Yonkers does not dispute Rice-Mohawk’s claim that the third-party action was commenced on behalf of their mutual insurer. Even were it not, the rule would still apply. (See, Pennsylvania Gen. Ins. Co. v Austin Powder Co., supra, 68 NY2d, at 470, n 3.) When Rice-Mohawk purchased the liability policy it sought to insure against two risks. First, it sought to protect Yonkers from any claims with respect to the work Rice-Mohawk performed, including those for bodily injury asserted by Rice-Mohawk’s employees. Second, it sought to fund any liability it might have to Yonkers as a result of the broad indemnification clause contained in the contract between them. To achieve this latter purpose Rice-Mohawk specifically included contractual liability coverage in the policy. Allowing the causes of action for contribution and indemnity to be asserted, to the extent that they seek damages up to the limit of the liability policy, would sanction the insurer’s subrogation against its insured for the very risk for which the insured sought and received coverage. (See, North Star Reins. Corp. v Continental Ins. Co., 82 NY2d 281, 295, n 4; Simpson, Court Opens New Chapter on Pre-indemnity *603 Losses, NYLJ, Feb. 3, 1994, at 1, col 1.) It would permit the insurer, having collected the premium, to pass the incidence of loss to its insured, thereby depriving Rice-Mohawk of the benefit of its bargain. Moreover, it would create a conflict of interest whereby the insurer asserts a claim it is bound to pay. (Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, supra.) However, as the damages sought by plaintiff have not been quantified, the causes of action for contribution and indemnity may be maintained insofar as they seek damages in excess of the policy limit. (See, North Star Reins. Corp. v Continental Ins. Co., supra.)
While Yonkers has failed on this motion to address its cause of action for breach of the contract provision relating to procurement of insurance, Rice-Mohawk has failed to show its entitlement to judgment as a matter of law with respect thereto. (CPLR 3212 [b]; see, Zuckerman v City of New York, 49 NY2d 557.) Rice-Mohawk was obligated to procure insurance "in accordance with the [New York State Department of Transportation/Yonkers] contract plans and specifications.” As Rice-Mohawk failed to submit copies of the relevant documents, the court cannot determine the extent of Rice-Mohawk’s obligations or its compliance therewith.
Lastly, inasmuch as the third-party complaint is not being dismissed, no action need be taken on the requests by defendant City of New York and second third-party defendant 2831 Borden Ave. Corp. to convert their cross claims to third-party actions.