OPINION OF THE COURT
Helen E. Freedman, J.
Third-party defendant A-Best Contracting Co., Inc. (A-Best) moves for an order for partial summary judgment with respect to the first $1 million recovered by plaintiff against defendant/third-party plaintiff Square Arch Realty Corp. (Square Arch). Movant contends that the antisubrogation principle bars the third-party action.
In October 1987, plaintiff Thomas Leyden, an employee of A-Best, was injured while working at a building owned by Square Arch (the Premises). He commenced a personal injury action against Square Arch who, in turn, impleaded A-Best under theories of common-law and contractual indemnification and contribution. A-Best and Square Arch had entered into an agreement dated September 19, 1987 (the Construction Contract), whereby the former would perform brick pointing work on the Premises. Paragraph 17.1 of the Construction Contract called for A-Best to carry third-party liability and workers’ compensation insurance for the work and to cause its insurers to name Square Arch as an additional insured. The paragraph also contains an indemnity provision, under which A-Best agreed to hold Square Arch harmless against all claims asserted by A-Best’s employees on account of personal injury in connection with the performance of the pointing work.
Pursuant to the Construction Contract, A-Best obtained from Aetna C & S Insurance Co. (Aetna) a general liability policy (the GLP) and an excess liability policy (the Umbrella *771 Policy) naming Square Arch as an additional insured. The GLP’s liability limit was for $1 million per occurrence and for $2 million in the aggregate, and the Umbrella Policy’s limit was for $5 million. An endorsement to the GLP provides:
"[Aetna] will not pay damages for * * *
"6. Bodily injury:
"(a) to an employee of [A-Best] or any insured arising out of and in the course of employment by [A-Best] or any insured * * *
"6. (a) applies] * * *
"(2) to any obligation to share damages with or repay someone else who must pay damages because of the injury.
"However, Paragraph 6 does not apply to an obligation [A-Best] assume[s] under a contract.”
Aetna has assumed the defense of Square Arch under the policies. Accordingly, the real parties in interest in the third-party action are now Aetna and State Insurance Fund, i.e., the insurers defending Square Arch’s and A-Best’s respective interests under policies obtained and paid for by A-Best.
A-Best’s motion turns upon the antisubrogation principle set forth by the Court of Appeals in Pennsylvania Gen. Ins. Co. v Austin Powder Co. (68 NY2d 465, 468 [1986]): "An insurer has no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered.” (See also, North Star Reins. Corp. v Continental Ins. Co., 82 NY2d 281, 294 [1993].) Underlying this rule are two public policy concerns: first, an insurer should not be able to pass its loss to its own insured who paid for the coverage, and second, an insurer should not be placed in situations with a potential for conflict of interest where it would have little incentive to defend one of its insureds. (Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d, at 471-472, supra.) Movant contends that the antisubrogation principle bars the third-party action, inasmuch as A-Best and Square Arch are both insureds under Aetna’s GLP.
Under the clear and unequivocal terms of the GLP endorsement, obligations arising from Leyden’s injury which A-Best assumed by contract are covered. In other words, A-Best’s broad duty to indemnify Square Arch under the Construction Contract is insured by Aetna, and therefore Aetna cannot seek subrogation from A-Best, its insured. Accordingly, the third-party claims must be dismissed.
*772 Square Arch acknowledges that the contractual indemnification claim is barred, but contends that the common-law claims can be maintained, inasmuch as they are excluded from coverage under the GLP endorsement: those claims, Square Arch argues, are obligations "to share damages with or repay someone else who must pay damages because of the injury [to A-Best’s employee].” Inasmuch as they are not covered risks under the Aetna policy, Square Arch contends, they are not barred under the antisubrogation principle.
Square Arch’s position is unavailing: the public policy concerns that underlie the antisubrogation principle would be thwarted if the court did not bar all the third-party claims here. Square Arch fails to consider that the indemnification provisions under the Construction Contract include "any claim, demand or cause of action of any liability arising out of [A-Best’s] work.” This broad indemnification provision, whose obligations are covered under the GLP, includes common-law third-party claims against A-Best. If the contractual claims are dismissed but the others are maintained, then Aetna will be fashioning the litigation so as not to trigger coverage under its own policies, and thereby minimize its own liability to the detriment of its own insureds. That is impermissible under the antisubrogation principle.
The cases of Covert v City of Binghamton (117 Misc 2d 1075 [Sup Ct 1983]) and National Union Fire Ins. Co. v Aetna Cas. & Sur. Corp. (790 F Supp 491, 492-493 [SD NY], affd 983 F2d 1048 [2d Cir 1992]) are instructive. Both Covert and National Union were cited favorably in North Star. (82 NY2d, at 296, supra.) Ruling on a similar set of facts, the court in Covert interpreted the underlying construction contract to provide that the contract indemnification clause superseded the owner’s right of common-law indemnification, so as "to prevent the inequitable situation where * * * [the insurer] takes advantage of its control of the owner’s third-party action so as to bring the third-party claim outside the scope of its coverage by manipulating the theories of indemnity.” (117 Misc 2d, at 1079.) The court concluded that an insurer covering both an owner and a contractor "owes a duty of fair dealing and the attorneys provided by the insurer representing the owner are equitably precluded from bringing a third-party action based upon common-law rather than contractual indemnification.” (Supra, at 1080.)
As a final matter, the court notes that neither A-Best nor Square Arch has produced the Umbrella Policy. Possibly the *773 coverage under the Umbrella Policy may not trigger the antisubrogation principle.
Accordingly, it is:
Ordered that the motion for summary judgment is granted to the extent of the first $1 million of any recovery by plaintiff against defendant.