*15 OPINION OF THE COURT
Per Curiam.
Appeal from order entered November 12, 2002 dismissed, without costs, as no appeal lies from the denial of reargument.
Appeal from order entered September 7, 2001 dismissed, without costs.
Plaintiff State Insurance Fund was not aggrieved (see, CPLR 5511) by the court’s September 7, 2001 order, which granted plaintiffs motion for leave to file a late motion for summary judgment against defendant Pet Lift, Ltd. and denied defendants’ cross motion for summary judgment dismissing the complaint. That the court’s decision “may contain language or reasoning which [plaintiff] deem[s] adverse to [its] interests does not furnish [it] with a basis for standing to take an appeal” (Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 472-473 [1986]).
In order to obviate any confusion potentially arising from the court’s decision, however, we note our view that the provisions of State Finance Law § 18 (10) present no obstacle to plaintiffs recovery of the insurance premiums allegedly due herein. The statute, in precatory rather than mandatory terms, “authorize [s]” state agencies seeking payment of a debt to enter into written agreements allowing the debtor to satisfy the debt in installment payments “if the state agency determines that such agreement will facilitate collection of such liability.” To the extent that section 18 (10) obligates state agencies to make “reasonable [payment] arrangements” where immediate collection of a debt poses a “hardship to the public,” the statutory duty was not triggered in this case, where the defense submissions below failed to address, much less demonstrate, how collection of the claimed debt would create a public hardship.