In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, v LOUIS K. HENGBER, Respondent. [887 NYS2d 683]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of a claim for underinsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated July 8, 2008, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

On December 24, 2005, the respondent Louis Hengber was driving a vehicle owned by Fred Hengber when he was involved in a collision with a vehicle owned and operated by Basil Fields. Following the accident, the respondent settled a personal injury claim against Fields for the sum of $25,000, the maximum available under Fields' automobile insurance policy. When the respondent subsequently sought to arbitrate a claim for underinsured motorist benefits under the Hengber policy, the petitioner, Government Employees Insurance Company (hereinafter GEICO), commenced this proceeding to stay arbitration upon the ground that the respondent failed to obtain its written consent to settle his personal injury claim against Fields. In opposition to the petition, the respondent alleged that GEICO had not been prejudiced by his failure to obtain its written approval to the settlement because GEICO was also the carrier which provided automobile insurance to Fields. The Supreme Court denied GEICO's petition to stay arbitration, agreeing that GEICO had not been prejudiced because it provided insurance coverage to both the respondent and Fields.

GEICO contends that the Supreme Court erred in failing to recognize that the Hengber policy was issued by the GEICO Indemnity Company, while the Fields policy was issued by a separate entity, the GEICO General Insurance Company. However, in its petition to stay arbitration, GEICO alleged that it had issued the Hengber policy under which the respondent sought underinsured motorist benefits, and that the "GEICO

Insurance Company" insured the offending vehicle owned and operated by Fields. Moreover, GEICO offered no evidentiary proof that the subject policies were actually issued by separate GEICO affiliates, and the reply affirmation of its attorney did not address the respondent's claim that GEICO insured all parties involved in the accident. Under these circumstances, the court properly concluded that GEICO provided coverage to both the respondent and Fields.

The Supreme Court properly concluded that GEICO was not prejudiced by the respondent's failure to obtain its written consent to settle his personal injury claim against Fields. The settlement did not impair GEICO's subrogation rights against Fields because an insurer has no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered (*see generally ELRAC, Inc. v Ward,* 96 NY2d 58, 76 [2001]; *Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465, 471 [1986]; *see also Moring v State Farm Mut. Auto. Ins. Co.,* 426 So 2d 810 [Ala 1982]; *Richards v Allstate Ins. Co.,* 193 WVa 244, 455 SE2d 803 [1995]; *Stetina v State Farm Mut. Auto. Ins. Co.,* 196 Neb 441, 243 NW2d 341 [1976]). Rivera, J.P., Eng, Chambers and Hall, JJ., concur.