McCormack Family Charitable Found. v Fidelity Brokerage Servs., LLC (2021 NY Slip Op 03414)





McCormack Family Charitable Found. v Fidelity Brokerage Servs., LLC


2021 NY Slip Op 03414


Decided on June 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 01, 2021

Before: Gische, J.P., Webber, Singh, Kennedy, JJ. 


Index No. 655270/18 Appeal No. 13966-13966A Case No. 2020-02859 

[*1]The McCormack Family Charitable Foundation, et al., Plaintiffs-Appellants-Respondents,
v
Fidelity Brokerage Services, LLC, Defendant-Respondent, Interactive Brokers, LLC, Defendant-Respondent-Appellant, Vista Coinvest, LLC, et al., Defendants.


Kagen, Caspersen & Bogart PLLC, New York (Stuart Kagen of counsel), for appellants-respondents.
Dechert LLP, New York (Gary J. Mennitt of counsel), for respondent-appellant.
Cohen & Gresser LLP, New York (Daniel H. Tabak of counsel), for respondent.



Order, Supreme Court, New York County (O. Peter Sherwood, J.) entered May 19, 2020, which granted defendants Fidelity Brokerage Services, LLC and Interactive Brokers, LLC's (collectively brokers) motions to dismiss the complaint as against them, unanimously affirmed. Appeal by Interactive Brokers, LLC from so much of the order as defined intent to commit fraud and concluded that it was solely the transferor's intent that was relevant on a motion to dismiss, unanimously dismissed, without costs.
Plaintiffs are trusts, individuals, and friends who were enticed to enter into investments at the behest of Andrew Caspersen, who, rather than investing their money, used it to further his gambling addiction by betting against the market with funds held first at Fidelity and later at Interactive. Caspersen lost all of the invested funds, and subsequently pleaded guilty to securities and wire fraud arising from his theft from plaintiffs and others. Plaintiffs later commenced this action against, among others, Fidelity and Interactive, contending that Caspersen's transfers of funds to the brokers were fraudulent conveyances and constructive fraudulent conveyances under Debtor and Creditor Law §§ 273, 274, 275, 276, and 276-a.[FN1]
Supreme Court dismissed the claims, holding, inter alia, that plaintiffs failed to allege fraudulent intent by both the brokers as transferees and Caspersen under Debtor and Creditor Law § 276. In addition, Supreme Court dismissed the constructive fraudulent conveyance claims, as plaintiffs failed to allege lack of good faith or consideration under Debtor and Creditor Law §§ 273, 274, and 275.
We affirm, but on different grounds with respect to plaintiffs' fraudulent conveyance claims. The brokers were not "transferees" as contemplated by Debtor and Creditor Law § 276. A defendant must have dominion and control over transferred assets to be liable as a transferee for a fraudulent conveyance (see Estate of Shefner v Beraudiere, 127 AD3d 442 [1st Dept 2015]). Dominion and control is "the right to put the money to one's own purposes" (Bonded Fin. Servs., Inc. v European Am. Bank, 838 F2d 890, 893 [7th Cir 1988]; see Carson v Federal Reserve Bank, 254 NY 218, 236 [1930]). Here, defendants, as financial institutions, cannot be fairly said to be transferees when Caspersen retained dominion and control over the assets in his account, trading as was his pattern. Defendants simply had no discretion over the way in which the funds in the account were deployed (see e.g. Meoli v The Huntington National Bank (848 F3d 716, 720 [6th Cir 2017]; In re Derivium Capital, LLC, 437 BR 798, 809-810 [Bankr D SC 2010], affd 716 F3d 355 [4th Cir 2013]; In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey, 130 F3d 52, 57 [2d Cir 1997]).
Plaintiffs' constructive fraudulent conveyance claims were also properly dismissed. To state a cause of action for constructive fraudulent conveyance under Debtor and Creditor Law §§ 273, 274, and 275, the [*2]complaint must allege that the transferor transferred assets without receiving fair consideration in exchange (see ABN AMRO Bank, N.V. v MBIA Inc., 17 NY3d 208, 228 [2011]). Plaintiffs have made no such allegation. Moreover, that Caspersen obtained the funds ultimately transferred to the brokers by fraud is not relevant to this analysis. There is no allegation that the transactions were anything but arm's length, and New York's fraudulent conveyance law is "primarily concerned with transactions that shield company assets from creditors, not the manner in which specific debts were created" (In re Sharp Intl. Corp., 403 F3d 43, 55 [2d Cir 2005]).
The appeal taken by Interactive is dismissed. Even though the order may contain language or reasoning which it deems adverse to its interests, this does not furnish it with standing to take an appeal, as it is not aggrieved by the order (see CPLR 5511; Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 472-473 [1986]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT. 
ENTERED: June 1, 2021



Footnotes

Footnote 1: It is undisputed that the amendments to the Debtor and Creditor Law effected by the Uniform Voidable Transactions Act, effective April 4, 2020 (L 2019, ch 580 §7), are inapplicable here.