22-2697-cv
Zurich Am. Ins. Co. v. Certain Underwriters at Lloyd's of London Subscribing to Policy Number B12630308616

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of December, two thousand twenty-three.

PRESENT:
> AMALYA L. KEARSE,
> GUIDO CALABRESI,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

Zurich American Insurance Company,
American Zurich Insurance Company,

> *Plaintiffs-Appellees,*                    22-2697

>           v.

Certain Underwriters at Lloyd's of London Subscribing to Policy Number B12630308616,

*Defendant-Appellant,*

**Arch Insurance Company,**

*Defendant.*

_____

FOR PLAINTIFFS-APPELLEES:  GABRIEL E. DARWICK, Coughlin Midlige & Garland LLP, New York, NY.

FOR DEFENDANT-APPELLANT:  STEVEN E. PEIPER (Dan D. Kohane, on the briefs), Hurwitz Fine P.C., Buffalo, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Oetken, *J*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellees, Zurich American Insurance Company and American Zurich Insurance Company (together, Zurich) sued their coinsurers—Appellant Certain Underwriters at Lloyd's of London Subscribing to Policy Number B12630308616 (Lloyd's) and Defendant Arch Insurance Company (Arch)—seeking a

declaratory judgment that Lloyd's is barred under New York law from bringing a common law indemnification or contribution claim against a party insured by Zurich, Arch, and Lloyd's. The district court granted Zurich's motion for summary judgment, holding that New York's anti-subrogation rule precludes Lloyd's from bringing that claim. *Zurich Am. Ins. Co. v. Certain Underwriters at Lloyd's of London*, 627 F. Supp. 3d 325, 330 (S.D.N.Y. 2022). We assume the parties' familiarity with the remaining underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

As a preliminary matter, under the specific factual circumstances of this case, we conclude we have subject matter jurisdiction because "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 92 (2d Cir. 2023) (cleaned up). We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in

3

the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

This dispute arises out of a large construction project at LaGuardia Airport. The Port Authority of New York and New Jersey (Port Authority) hired LaGuardia Gateway Partners, LLC (LGA) as the developer for the project, which then subcontracted with a joint venture among Skanska USA Building Inc., Skanska USA Civil Northeast Inc., and Walsh Construction Company II, LLC (together, Skanska) to perform the necessary work. The contract required LGA to obtain a commercial general liability insurance policy under which Skanska, LGA, and Port Authority would be insureds. The contract also required Skanska to indemnify LGA and Port Authority for certain personal injury claims, including for "any losses suffered or costs incurred" from third-party personal injury claims arising from Skanska's negligence.

Pursuant to the contract, Skanska and LGA obtained a Contractors Controlled Insurance Program for the project, which included a "tower" of general liability insurance with $300 million of coverage in three layers. Zurich

4

underwrote the base layer of coverage, Arch provided a first layer of excess coverage, and then Lloyd's provided a second excess policy, *i.e.* a third layer of coverage on top of Arch's.

Each layer of coverage, including Lloyd's, contains a standard employer's liability exclusion, which carves out from coverage liability for bodily injury to an employee of the insured arising from the employee's employment by the insured. However, there is an exception to this exclusion. The policy *does* cover liability assumed by the insured in an "insured contract" such as the contract between Skanska and LGA. App'x 422.

All of this background is necessary to understanding the present dispute, which arose from a personal injury suit filed against Port Authority and LGA by a Skanska employee injured while working on the LGA project. Zurich agreed that the general liability insurance policy provided coverage for the suit and arranged for counsel to represent Port Authority and LGA beginning in August 2018. Roughly three years later, Lloyd's contacted that counsel and requested that LGA and Port Authority commence a third-party claim for common law indemnification or contribution against Skanska. Counsel analyzed the

5

feasibility of such a claim but concluded that New York's anti-subrogation rule would bar it. After continued disputes between Lloyd's, Zurich, and counsel for each, Zurich commenced this action, seeking a declaratory judgment that the anti-subrogation rule would indeed bar the indemnification or contribution claim against Skanska.

We agree with the district court that New York's anti-subrogation rule prevents Lloyd's from bringing the claim. The anti-subrogation rule is an exception to an insurer's usual right of subrogation against third parties. *See Pennsylvania Gen. Ins. Co. v. Austin Powder Co.*, 502 N.E.2d 982, 985 (N.Y. 1986). It provides that "[a]n insurer has no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered." *Id.* at 983. As New York's courts have explained, the anti-subrogation rule is needed "both to prevent the insurer from passing the incidence of loss to its own insured and to guard against the potential for conflict of interest that may affect the insurer's incentive to provide a vigorous defense for its insured." *N. Star Reinsurance Corp. v. Cont'l Ins. Co.*, 624 N.E.2d 647, 653 (N.Y. 1993). The rule also prevents an insurer from "'fashion[ing] the litigation'" against its own insured

6

"so as to minimize its own liability by triggering coverage under other insurance policies." *Nat'l Cas. Co. v. State Ins. Fund*, 641 N.Y.S.2d 665, 667 (N.Y. App. Div. 1996) (quoting *N. Star*, 624 N.E.2d at 654).

The anti-subrogation rule prevents an insurer from recouping losses from its insured "even where the insured has expressly agreed to indemnify the party from whom the insurer's rights are derived and has procured separate insurance covering the same risk." *Pennsylvania Gen. Ins. Co.*, 502 N.E.2d at 983. As the New York Court of Appeals has explained, the important public policies served by the rule mean that it "must take precedence over the parties' private contractual arrangements." *Id.* at 986.

Nor can an insurer bypass the anti-subrogation rule by asserting a common law indemnity claim against its insured when it only covers the insured for contractual indemnity claims. *See Ohio Cas. Ins. Co. v. Transcon. Ins. Co.*, 372 F. App'x 107, 111-12 (2d Cir. 2010) (summary order) (discussing New York law); *Leyden v. Square Arch Realty Corp.*, 626 N.Y.S.2d 352, 354 (N.Y. Sup. Ct. 1995); 16 Couch on Insurance 3d § 224:4.

The two key elements for the anti-subrogation rule to apply are present

here. Lloyd's insures Skanska under the general liability policy. That policy, through the insured contract provision, covers Skanska for the obligation it assumed in the contract to indemnify LGA and Port Authority for losses resulting from third-party claims for bodily injury like the one underlying the present action. Thus, Lloyd's cannot subrogate against Skanska—its own insured—for losses arising from the underlying suit, exactly the risk for which Lloyd's insures Skanska. What Lloyd's proposes is precisely what the anti-subrogation rule prohibits. Straightforward application of the rule bars the claim.

*   *   *

We have considered the remaining arguments advanced by Lloyd's and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court