■ EDWARD CURRAN, Plaintiff, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Appellant. E.E. CRUZ & Co., INC., Third-Party Defendant-Respondent, et al., Third-Party Defendants. [651 NYS2d 54] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Cusick, J.), dated September 15, 1995, as granted the branch of the motion of the third-party defendant E.E. Cruz & Co., Inc., which sought dismissal of its claim for common-law indemnification and contribution.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted that branch of the motion which was to dismiss the claim for common-law indemnification and contribution in its entirety, and substituting therefor a provision granting that branch of the motion only insofar as the third-party complaint seeks common-law indemnification against the third-party defendant E.E. Cruz & Co., Inc., up to the limits of the Aetna policy in the sum of $1,000,000; as so

modified the order is affirmed insofar as appealed from, without costs or disbursements.

The Aetna Insurance Company, which insures both the defendant third-party plaintiff City of New York (hereinafter the City), and the third-party defendant E.E. Cruz & Co., Inc. (hereinafter Cruz), under a single policy of insurance, is defending the City in this matter jointly with the State Insurance Fund, which is the Workers' Compensation carrier for Cruz. Therefore, the antisubrogation rule, which bars an insurer from passing the risk of loss from itself to its own insured, is applicable here. However, since the monetary limit of the insurance provided by the Aetna policy is for a lesser sum than that sought by the plaintiff as damages, the motion to dismiss the third-party complaint should have been granted only up to the applicable limits of that policy (see, *Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 473).

We have examined the remaining contention of the City and find it to be without merit. Santucci, J. P., Joy, Krausman and Florio, JJ., concur.