■ FIDEL BLANCO et al., Plaintiffs, v CVS CORPORATION, Doing Business as CVS 346, et al., Respondents, and INDIAN ROCK, LLC, Appellant. (And a Third-Party Action.) [795 NYS2d 352]—

In an action, inter alia, to recover damages for personal injuries based upon violation of Labor Law § 240 (1), the defendant Indian Rock, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Murphy, J.), entered January 9, 2003, as denied its cross claims for contractual and common-law indemnification against the defendants CVS Corporation, doing business as CVS 346, and CVS Suffern Store, LLC.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Fidel Blanco, an employee of G.W. Plumbing, Inc., was injured when he fell from a scaffold while working on the construction of a drive-through canopy at a newly-constructed CVS store. The defendants CVS Corporation, doing business as CVS 346, and CVS Suffern Store, LLC (hereinafter collectively CVS) leased the premises from the defendant landlord Indian Rock, LLC (hereinafter Indian Rock), pursuant to a written 20-year lease. Pursuant to the terms of the lease, Indian Rock was required to maintain general liability insurance coverage in specified amounts and was to name CVS as an additional insured under that policy. Indian Rock procured its insurance through CNA Insurance Company (hereinafter CNA). The policy contained a limit of $1,000,000 per occurrence. The lease also required CVS to maintain general liability insurance coverage in a specified amount, and to name Indian Rock as an additional insured under its policy. CVS procured its insurance through American International Group (hereinafter AIG). That policy contained a limit of $1,750,000 per occurrence.

The injured plaintiff commenced this action against CVS and Indian Rock, inter alia, to recover damages for personal injuries based upon violation of Labor Law § 240 (1). CVS and Indian Rock asserted cross claims against each other for, among other things, contractual and common-law indemnification. CNA as-

sumed the defense and indemnification of CVS as an additional insured under its policy.

The plaintiffs settled their action with CVS and Indian Rock for the sum of $1,500,000. CVS and Indian Rock agreed that each would pay 50% of the settlement sum but reserved their rights to pursue their cross claims against one another. After submitting proposed findings of fact and conclusions of law with respect to their cross claims, the trial court denied the cross claims as barred by the anti-subrogation rule. Indian Rock appeals from this order. We affirm.

Indian Rock was not entitled to contractual or common-law indemnification from CVS. The anti-subrogation rule provides that "[a]n insurer . . . has no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered" (*North Star Reins. Corp. v Continental Ins. Co.,* 82 NY2d 281, 294 [1993]; *see Ward v ELRAC, Inc.,* 96 NY2d 58, 76 [2001]). The rule applies to bar indemnification up to the policy limits of the comprehensive general liability policy at issue (*see Ward v ELRAC, Inc., supra* at 77-78; *Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465, 473 [1986]; *Curran v City of New York,* 234 AD2d 254, 255 [1996]).

Indian Rock's comprehensive general liability policy named CVS as an additional insured and it contained a limit of $1,000,000 per occurrence. Indian Rock's $750,000 share of the settlement falls within these policy limits. Since the same insurance company covered CVS and Indian Rock for the same risk, the anti-subrogation rule applies to bar Indian Rock from indemnification for its part of the settlement which was within the limits of the policy purchased by it (*see Storms v Dominican Coll. of Blauvelt,* 308 AD2d 575, 577 [2003]; *Yong Ju Kim v Herbert Constr. Co.,* 275 AD2d 709, 713 [2000]; *Ramirez v Cablevision Sys. Corp.,* 271 AD2d 424, 425 [2000]; *Morales v City of New York,* 239 AD2d 566, 567 [1997]). Thus, Indian Rock's cross claims were properly denied.

Indian Rock's remaining contentions are without merit. Adams, J.P., Smith, Crane and Lifson, JJ., concur.