■ THERESE LODOVICHETTI et al., Plaintiffs, v RAUL BAEZ, Appellant, and WHEELS, INC., et al., Respondents. [818 NYS2d 470]—

In an action, inter alia, to recover damages for wrongful death, the defendant Raul Baez appeals from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated March 30, 2005, as denied that branch of his motion which was for summary judgment dismissing the cross claims of the defendants Wheels, Inc., Schering-Plough Corporation, and Schering Sales Corporation for damages against him to the extent that such damages exceeded the limits of the applicable insurance policy.

Ordered that the order is affirmed insofar as appealed from, with costs.

Pursuant to the antisubrogation rule, "[a]n insurer. . . has no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered" (*North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281, 294 [1993]). "The rule against allowing subrogation claims against an insured is based, in part, on the potential for conflict of interest that is inherent in these situations" (*Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 472 [1986] [citation omitted]). The antisubrogation rule applies only to the policy limits of the comprehensive general liability policy at issue, and claims for contribution and/or indemnification beyond the limits of a common insurance policy are not barred (*see ELRAC, Inc. v Ward*, 96 NY2d 58, 78 [2001]; *Blanco v CVS Corp.*, 18 AD3d 685 [2005]; *Dunn v Hurtt*, 4 AD3d 884 [2004]; *Curran v City of New York*, 234 AD2d 254 [1996]). Accordingly, the Supreme Court properly permitted the defendants Wheels, Inc., Schering-Plough Corporation, and Schering Sales Corporation to maintain their cross claim against the defendant Raul Baez, their co-insured, for damages to the extent that such damages exceeded the policy limits of $2 million, by denying that branch of his motion which was for summary judgment dismissing their cross claims for damages against him to the extent that such damages exceeded the limits of the applicable insurance policy. Florio, J.P., Skelos, Fisher and Dillon, JJ., concur.