█ MOTORS INSURANCE CORP., as Subrogee of ARROWAY CHEVROLET, INC., Appellant, v DAVID AFRICK, Respondent. [865 NYS2d 618]—

In a subrogation action to recover amounts paid by the plaintiff to its insured for injury to property, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Westchester County (Smith, J.), dated January 18, 2008, as, upon an order of the same court dated November 2, 2007, in effect, granting that branch of the defendant's motion which was pursuant to CPLR 4404 (b) to set aside so much of a decision of the same court dated August 30, 2007, and amended September 20, 2007, made after a nonjury trial, as determined that the defendant was liable to it in the sum of $5,870.35, is in favor of the defendant and against it dismissing the complaint.

Ordered that on the Court's own motion, the notice of appeal

from the order dated November 2, 2007, is deemed a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Arroway Chevrolet, Inc. (hereinafter Arroway), loaned a vehicle to the defendant while it was servicing his vehicle. The defendant subsequently damaged the loaned vehicle in a one-car collision. Arroway's insurer, the plaintiff Motors Insurance Corp. (hereinafter the insurer), paid Arroway's claim for the damage under its comprehensive and collision policy and commenced this subrogation action against the defendant to recover the amount it had paid Arroway.

An insurer has no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered (*see North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281, 294 [1993]; *Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 471 [1986]; *Lodovichetti v Baez*, 31 AD3d 718, 719 [2006]; *Blanco v CVS Corp.*, 18 AD3d 685, 686 [2005]). For the purposes of the antisubrogation rule, a permissive user of an insured vehicle is treated no differently than a named insured (*see Jefferson Ins. Co. of N.Y. v Travelers Indem. Co.*, 92 NY2d 363, 374-375 [1998]).

Here, the insurer does not dispute that the Supreme Court properly found that Arroway's loan of the vehicle to the defendant made him a permissive user (*see Matter of Liberty Mut. Ins. Co. v Clench*, 180 AD2d 684 [1992]). Moreover, under the terms of the relevant policy, the insurer agreed to indemnify Arroway for "loss to a covered auto caused by . . . collision with another object," and for "loss to a covered auto caused by the failure of a person in lawful possession of a covered auto under a lease, rental or loaner agreement to return it to a dealer in accordance with the terms of the agreement." Thus, the insurer is seeking recovery from a permissive user, authorized by its insured, for a claim arising from the very risk for which the insured was covered, an outcome barred by the antisubrogation rule (*see Jefferson Ins. Co. of N.Y. v Travelers Indem. Co.*, 92 NY2d at 374-375; *North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d at 294).

The insurer's remaining contentions are without merit. Spolzino, J.P., Florio, Miller and Leventhal, JJ., concur.