■ Marjorie P. Porter et al., Plaintiffs, v Nancy Annabi et al., Respondents, and Key Bank USA, N.A., Now Known as Keybank National Association, Appellant. (And Third-Party Actions.) [885 NYS2d 769]—

In an action to recover damages for personal injuries, etc., the defendant Key Bank USA, N.A., now known as Keybank National Association, appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered November 30, 2007, as denied that branch of its motion which was for leave to renew that branch of its prior motion which was for leave to reargue its motion for summary judgment on its cross claim for contractual and/or common-law indemnification against the defendant Westchester Family Medical Practice, P.C., which had been denied in an order entered April 18, 2007, and as, upon renewal, adhered to so much of the determination as, upon reargument, denied that branch of its motion which was for summary judgment on its cross claims for contractual and/or common-law indemnification against the defendants Nancy Annabi and Iyad N. Annabi.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court properly held, upon renewal, that the anti-subrogation rule applies to bar the cross claims of the defendant Key Bank USA, N.A., now known as Keybank National Association (hereinafter Key Bank), for contractual and/or common-law indemnification against the defendants Nancy Annabi and Iyad N. Annabi (hereinafter together the Annabis). The record reflects that Key Bank and the Annabis were covered by the same insurer for the same risk (*see Blanco v CVS Corp.,* 18 AD3d 685 [2005]; *Storms v Dominican Coll. of Blauvelt,* 308 AD2d 575 [2003]; *Ramirez v Cablevision Sys. Corp.,* 271 AD2d 424 [2000]). While claims for indemnification beyond the limits of the policy would not be barred (*see Lodovichetti v Baez,* 31 AD3d 718, 719 [2006]; *Yong Ju Kim v Herbert Constr. Co.,* 275 AD2d 709, 713 [2000]), the Supreme Court also properly determined that a conditional judgment of indemnification would be premature at this juncture (*see e.g. Maxwell v Toys "R" Us,* 258 AD2d 630 [1999]). Accordingly, upon renewal, the Supreme Court properly adhered to so much of its prior determination as, upon reargument, denied that branch of Key

Bank's motion which was for summary judgment on its cross claims for contractual and/or common-law indemnification against the Annabis.

Key Bank's remaining contention is without merit. Skelos, J.P., Santucci, Balkin and Leventhal, JJ., concur.