■ TIMOTHY SINSHEIMER, Plaintiff, v AJAY AMGRAS et al., Respondents, and MERCEDES BENZ CREDIT CORP., Appellant. [897 NYS2d 231]—

In an action to recover damages for personal injuries, the defendant Mercedes Benz Credit Corp. appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Richmond County (Fusco, J.), dated November 12, 2008, as denied that branch of its motion which was for summary judgment on its cross claim for contractual indemnification against the defendants Ajay Amgras and Kiran Amgras.

Ordered that the order is affirmed insofar as appealed from, with costs.

On August 19, 2002, as he was crossing an intersection, the plaintiff's decedent was hit by a vehicle allegedly driven by the defendant Ajay Amgras. The plaintiff's decedent commenced this personal injury action against Ajay Amgras and his mother, Kiran Amgras, (hereinafter together the Amgrases), and the defendant Mercedes Benz Credit Corp. (hereinafter MBCC). MBCC owned the subject vehicle, which was leased to the Amgrases at the time of the accident.

Contrary to MBCC's contention, a finding that Ajay Amgras was negligent would have to be made before MBCC would be entitled to recover on its cross claim for contractual indemnification. The liability of MBCC in this action is predicated on the alleged negligence of the person operating the vehicle owned by MBCC (*see* Vehicle and Traffic Law § 388). Under the circumstances of this case, where the liability of the Amgrases had not been established, the Supreme Court properly denied that branch of MBCC's motion which was for summary judgment on its cross claim for contractual indemnification (*see Curreri v Heritage Prop. Inv. Trust, Inc.*, 48 AD3d 505 [2008]; *Maxwell v Toys "R" Us*, 258 AD2d 630 [1999]; *see also Porter v Annabi*, 65 AD3d 1322 [2009]; *cf. Hirsch v K Mart Corp.*, 260 AD2d 603 [1999]). Rivera, J.P., Florio, Angiolillo and Belen, JJ., concur.