# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

766
CA 15-01978
PRESENT: WHALEN, P.J., SMITH, NEMOYER, CURRAN, AND SCUDDER, JJ.

MARGUERITE MITCHELL, INDIVIDUALLY AND AS
ADMINISTRATRIX OF THE ESTATE OF JOHN K.
MITCHELL, DECEASED, PLAINTIFF,

V                                                 MEMORANDUM AND ORDER

NRG ENERGY, INC. AND DUNKIRK POWER, LLC,
DEFENDANTS.
-------------------------------------------
NRG ENERGY, INC. AND DUNKIRK POWER, LLC,
THIRD-PARTY PLAINTIFFS-APPELLANTS,

V

INTERNATIONAL CHIMNEY CORP., THIRD-PARTY
DEFENDANT-RESPONDENT.

BAXTER SMITH & SHAPIRO, P.C., WHITE PLAINS (SIM R. SHAPIRO OF
COUNSEL), FOR THIRD-PARTY PLAINTIFFS-APPELLANTS.

MCGAW ALVENTOSA & ZAJAC, JERICHO (ANDREW ZAJAC OF COUNSEL), FOR
THIRD-PARTY DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Timothy
J. Drury, J.), entered July 2, 2015.  The order granted the motion of
third-party defendant for summary judgment dismissing the third-party
complaint and denied the cross motion of third-party plaintiffs for
summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying the motion in part and
reinstating the third-party complaint insofar as it seeks
indemnification for damages sustained by plaintiff in the underlying
action in excess of $1,000,000, and as modified the order is affirmed
without costs.

Memorandum:  Third-party plaintiffs, NRG Energy, Inc. and Dunkirk
Power, LLC (collectively, NRG), appeal from an order that, inter alia,
granted the motion of third-party defendant, International Chimney
Corp. (ICC), for summary judgment dismissing the third-party
complaint.  We reject NRG's contention that the antisubrogation rule
does not apply, for reasons stated in the decision at Supreme Court.
We agree with NRG, however, that the court erred in granting ICC's
motion in its entirety, rather than granting the motion only insofar

as the third-party complaint seeks indemnification for any damages up to the $1,000,000 covered by the commercial auto insurance policy issued to ICC by the Hanover Insurance Group (Hanover).  We therefore modify the order accordingly.

The court properly concluded in its decision that Hanover, as the real party in interest in NRG's third-party action, may not seek indemnification from ICC because, under the antisubrogation rule, "an 'insurer has no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered . . . even where the insured has expressly agreed to indemnify the party from whom the insurer's rights are derived' " (*ELRAC*, *Inc. v Ward*, 96 NY2d 58, 76, *rearg denied* 96 NY2d 855, quoting *Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 468).  Conversely, where "the monetary limit of the insurance provided by the . . . policy is for a lesser sum than that sought by the plaintiff as damages, the motion [for summary judgment dismissing] the third-party complaint should have been granted only up to the applicable limits of that policy" (*Curran v City of New York*, 234 AD2d 254, 255; *see ELRAC, Inc.*, 96 NY2d at 78; *Pennsylvania Gen. Ins. Co.*, 68 NY2d at 473), because "[i]t is black letter law that New York law does not bar insurance companies from seeking indemnification for settlements or judgments that exceed the limits of an insurance policy" (*Allianz Global Corporate & Specialty, N.A. v Sacks*, 2010 WL 3733915, *5 [SD NY]).

Although ICC met its burden on its motion of establishing as a matter of law that it was entitled to summary judgment dismissing the third-party complaint insofar as it sought indemnification up to the $1,000,000 policy limit of the Hanover commercial auto policy (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324), it failed to meet that burden with respect to any amounts above that policy limit. ICC demonstrated that it had an umbrella policy with a limit of $25,000,000, but failed to establish that the policy afforded coverage in this instance or that NRG was covered by that policy, and thus failed to establish that the antisubrogation rule bars the third-party action for amounts above that limit.  Thus, ICC's motion should have been denied insofar as the third-party complaint seeks indemnification for amounts in excess of $1,000,000, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

We have considered NRG's further contention and conclude that it is without merit.

Entered:  September 30, 2016                        Frances E. Cafarell
                                                    Clerk of the Court