Lind v Tishman Constr. Corp. of N.Y. (2020 NY Slip Op 01026)





Lind v Tishman Constr. Corp. of N.Y.


2020 NY Slip Op 01026


Decided on February 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020

Richter, J.P., Manzanet-Daniels, Gesmer, Singh, JJ.


11028 154781/16

[*1] Earl Lind Jr., et al., Plaintiffs-Appellants,
v
Tishman Construction Corporation of New York, et al., Defendants-Respondents.


Bernadette Panzella, P.C., New York (Bernadette Panzella of counsel), for appellants.
Segal McCambridge Singer & Mahoney, Ltd., New York (Brian E. Bergin of counsel), for respondents.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered March 13, 2019, which denied plaintiffs' motion for partial summary judgment on the Labor Law §§ 240(1) and 241(6) claims or, in the alternative, to strike defendants' answer for failure to comply with discovery demands, unanimously modified, on the law, to the extent of granting partial summary judgment in favor of plaintiffs as to liability on the Labor Law 240(1) claim, and otherwise affirmed, without costs.
Plaintiff Earl Lind Jr. testified that he was injured when the articulating lift on which he was working during construction of the World Trade Center's Vehicle Security Center and Tour Bus Facility suddenly picked up speed as he backed it down the ramp that led to the underground parking garage. He released the lift's joystick to engage the brakes, but due to "slippery sludge" on the ramp, the lift skidded and crashed into a curb, causing him to be "ricocheted" around the lift basket. Defendant Tishman Construction Corporation (Tishman) entered into a Construction Management Agreement with The Port Authority of New York and New Jersey (Port Authority), the project owner, to provide construction management services on the project. The agreement and other documents also refer to Tishman Construction Corporation of New York (Tishman-NY) as the construction manager.
Plaintiffs demonstrated that defendants can be held liable as a statutory "agent" of the Port Authority based on the contract documents that they submitted on the motion. Those documents impose not only the responsibility to coordinate the work but also a broad responsibility for "overall job site safety," including the implementation of the Port Authority's Safety Health and Environmental Program, as well as measures to ensure worker safety, thereby granting the construction manager "the ability to control the activity which brought about the injury" (Walls v Turner Constr. Co., 4 NY3d 861, 863-864 [2005]).
Moreover, plaintiffs are entitled to summary judgment on the Labor Law § 240(1) claim. As the motion court found, plaintiff's testimony established prima facie that the articulating lift was a safety device and that it's failure to protect him from the elevation-related risk that he faced was the proximate cause of his injury. Accordingly, the existence of a question of fact as to his second theory, that his accident was also caused by sludge on the ramp, is irrelevant.
In view of our grant of plaintiffs' motion for partial summary judgment, we need not address their remaining contentions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2020
CLERK