Goya v Longwood Hous. Dev. Fund Co., Inc. (2021 NY Slip Op 01845)





Goya v Longwood Hous. Dev. Fund Co., Inc.


2021 NY Slip Op 01845


Decided on March 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

Before: Gische, J.P., Singh, Moulton, González, JJ. 


Index No. 23359/14E, 43017/16E, 43120/16E, 43142/16E, 43252/16E, 43282/16E Appeal No. 13295-13296-13297-13298-13299N-13300N Case No. 2019-5792, 2019-5794, 2019-5796, 2019-05532, 2020-00297, 

[*1]Milton Goya, Plaintiff-Respondent,
v
Longwood Housing Development Fund Company, Inc., et al., Defendants-Respondents-Appellants, A.A.D. Construction Corp., Defendant-Appellant-Respondent.
Longwood Housing Development Fund Company, Inc., Third-Party Plaintiff-Appellant-Respondent,
v
Triboro Maintenance Corporation, Third-Party Defendant-Respondent, AIM Construction of NY Inc., Third-Party Defendant-Respondent-Appellant.
Triboro Maintenance Corporation, Second Third-Party Plaintiff-Respondent,
v
Clark & Wilkins Industries, Inc., Second Third-Party Defendant-Respondent-Appellant.
Longwood Housing Development Fund Company, Inc., Third Third-Party Plaintiff-Appellant-Respondent,
v
Clark & Wilkins Industries, Inc., Third Third-Party Defendant-Respondent-Appellant.
Clark & Wilkins Industries, Inc., Fourth Third-Party Plaintiff-Respondent,
v
Cross Contracting, Inc., et al., Fourth Third-Party Defendants-Appellants-Respondents.
Longwood Housing Development Fund Company, Inc., Fifth Third-Party Plaintiff-Respondent,
v
Cross Contracting, Inc., et al., Fifth Third-Party Defendants-Appellants-Respondents.


O'Connor Redd Orlando LLP, Port Chester (Jerri A. DeCamp of counsel), for A.A.D. Construction Corp., appellant-respondent.
Gallo Vitucci Klar LLP, New York (Sarah R. David of counsel), for Cross Contracting, Inc. and Cross Contracting Corp., appellants-respondents.
Litchfield Cavo LLP, New York (Dana M. Catanzaro of counsel), for Longwood Housing Development Fund Company, Inc., respondent-appellant/appellant-respondent.
Baxter Smith & Shapiro, P.C., White Plains (Sim R. Shapiro of counsel), for Melcara Corp., respondent-appellant.
Ahmuty, Demers & McManus, Albertson (Nicholas Vevante of counsel), for AIM Construction of NY Inc., respondent-appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York ("Elie" Ian Marc Herman of counsel), for Clark & Wilkins Industries, Inc., respondent-appellant/respondent.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for Milton Goya, respondent.
Sullivan & Klein, LLP, New York (Frederick M. Klein of counsel), for Triboro Maintenance Corporation, respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered June 5, 2019, which, to the extent appealed from as limited by the briefs, denied defendant A.A.D. Construction Corp.'s (AAD) motion for summary judgment dismissing the Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) § 23-1.7(d) and for renewal of its motion for summary judgment dismissing the Labor Law § 240(1) claim, unanimously modified, on the law, to grant the motion as to the Labor Law § 241(6) claim, and otherwise affirmed, without costs.
Order, same court and Justice, entered June 5, 2019, which, to the extent appealed from as limited by the briefs, denied defendant Melcara Corp.'s motion for summary judgment dismissing the complaint and all claims and cross claims against it, granted defendant Longwood Housing Development Fund Company, Inc.'s motion for summary judgment on its cross claim against Melcara for contractual indemnification, its cross claims against AAD, and its third-party claims against Cross Contracting, Inc. a/i/s/h/a Cross Contracting Corp. for contractual indemnification and breach of contract for failure to procure insurance, and denied Longwood's motion for summary judgment on its third-party claims against AIM Construction of NY Inc. (AIM) and Clark & Wilkins Industries, Inc. (C&W) for contractual indemnification and breach of contract for failure to procure insurance, unanimously modified, on the law, to grant Longwood's motion as to its claim against AIM for breach of contract for failure to procure insurance and to deny its motion as to its cross claim against Melcara for contractual indemnification, its cross claims against AAD for contractual indemnification and breach of contract for failure to procure insurance, and its claims against Cross for contractual indemnification and breach of contract for failure to procure insurance, and otherwise affirmed, without costs.
Order, same court and Justice, entered June 5, 2019, which, to the extent appealed from as limited by the briefs, denied C&W's motion for summary judgment dismissing Longwood's and second third-party plaintiff Triboro Maintenance Corp.'s claims against it for contractual indemnification and breach of contract for failure to procure insurance and AAD's claims against it for contractual and common-law indemnification, and sub silentio denied the motion insofar as it sought dismissal of all other common-law indemnification claims against it and all contribution claims against it, unanimously modified, on the law, to grant the motion as to AIM's cross claims and Cross's counterclaims for common-law indemnification and contribution, and otherwise affirmed, without costs.
Order, same court and Justice, entered June 5, 2019, which denied AIM's motion for summary judgment dismissing Longwood's third-party complaint and Triboro's cross claims against it, unanimously affirmed, without costs.
Judgment, same court and Justice, entered July 3, 2019, dismissing Cross's cross [*2]claim for contribution against Triboro, unanimously reversed, on the law and the facts and in the interest of justice, without costs, and the claim reinstated. Appeal from order, same court and Justice, entered June 6, 2019, to the extent it granted Triboro's motion for summary judgment dismissing Cross's cross claim against it for contribution, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Order, same court and Justice, entered June 5, 2019, which denied Cross's motion for summary judgment dismissing C&W's claims against it for third-party negligence, common-law indemnification and contribution, Longwood's claims against it for common-law and contractual indemnification, contribution, and breach of contract for failure to procure insurance, and AAD's, Triboro's, and AIM's cross claims against it for common-law indemnification and contribution, unanimously modified, on the law, to grant the motion as to Longwood's claim for breach of contract for failure to procure insurance, and otherwise affirmed, without costs.
Although AAD's motion was styled a motion for reargument, having recognized it as a motion for renewal, the motion court should have considered it on the merits. The motion should have been denied on the merits. AAD argues that the Labor Law § 240(1) claim should be dismissed because the malfunction of the fire escape ladder, which was a part of the permanent structure, was not foreseeable. However, "[a] plaintiff in a case involving collapse of a permanent structure must establish that the collapse was 'foreseeable,' not in a strict negligence sense, but in the sense of foreseeability of exposure to an elevation-related risk" (Garcia v Neighborhood Partnership Hous. Dev. Fund Co., Inc., 113 AD3d 494, 495 [1st Dept 2014]). Plaintiff's use of the permanent fire escape ladder to reach the top of the sidewalk shed presented a foreseeable elevation-related hazard — just as if plaintiff had been using an extension ladder (cf. Jones v 414 Equities LLC, 57 AD3d 65, 80 [1st Dept 2008] [elevation-related risk was not apparent before permanent floor collapsed]). However, AAD is entitled to the summary dismissal of the Labor Law § 241(6) claim premised on Industrial Code (12 NYCRR) § 23-1.7(d), since the fire escape ladder was not "a floor, passageway, walkway, scaffold, platform or other elevated working surface" (12 NYCRR 23-1.7[d]).
The court correctly determined that issues of fact exist as to whether Melcara is subject to liability under Labor Law §§ 240(1) and 241(6) as an agent of Longwood with authority to control the injury-producing work, because it had responsibility to retain contractors to perform the work and for site safety (see Lind v Tishman Constr. Corp. of N.Y., 180 AD3d 505 [1st Dept 2020]). It also retained the authority to give directives to AAD's designated representatives (see Walls v Turner Constr. Co., 4 NY3d 861, 864 [2005]), and the injury-producing work was within the scope of work [*3]that it had delegated to AAD (see Nascimento v Bridgehampton Constr. Corp., 86 AD3d 189, 193-195 [1st Dept 2011]; Bart v Universal Pictures, 277 AD2d 4, 5 [1st Dept 2000]). Neither the trial court's earlier June 28, 2017 decision nor this court's affirmance of that order (167 AD3d 402 [1st Dept 2018]) require a different outcome under the doctrine of law of the case. Law of the case does not bind an appellate court to a lower court's ruling (People v Evans, 94 NY2d 499 [2000]; Hutchings v Yuter, 108 AD3d 416 [1st Dept 2013] , nor is an appellate court bound by its own prior decisions if the issue was not actually decided by it (Matter of Part 60 RMBS Put-Back Litig., 155 AD3d 482, 483 [1st Dept 2017]); Ramanthan v Aharon, 109 AD3d 529 [2d Dept 2013]; Mulder v Donaldson, Lufkin & Jenrette, 224 AD2d 125 [1st Dept 1996]). The motion court's June 28, 2017 decision does not bind this court. The issue of Melcara's status as a statutory agent was not addressed in the prior appeal. Melcara also failed to prove prima facie entitlement to summary judgment dismissing the Labor Law § 200 and common-law negligence claims and cross claims against Melcara. Plaintiff's accident arose both from the means and methods of accessing work and a dangerous premises condition. Melcara merely asserts tersely that it did not control the means and methods of the work and does not address the issues of creation or prior notice of the dangerous condition.
Melcara argues that Longwood's claims for contractual indemnification should have been dismissed under rules of anti-subrogation. It is undisputed that Melcara's insurance carrier is providing Longwood with a defense in this action. Less clear is whether the insurance company has agreed to indemnify Longwood, up to the limits of the policy. Anti-subrogation would bar Longwood's claim for contractual indemnity if both Longwood and Melcara in its capacity as an additional tortfeasor qualify as insureds under the same policy (ELRAC, Inc. v Ward, 96 NY2d 58, 76 [2001]), at least up to the limits of the policy (Mitchell v NRG Energy, Inc., 142 AD3d 1366 [4th Dept 2016]). This rule applies even though Melcara has expressly agreed to indemnify Longwood for the loss (ELRAC at 76). We cannot conclude on this record, however, that Melcara's insurer has agreed to indemnify Longwood's losses. Contrary to Melcara's argument, merely providing a defense does not necessarily carry with it an agreement to indemnify. The defense, for instance, may have been provided subject to a reservation of rights affecting Longwood's claim that it is an additional insured. In the absence of proof that Melcara's insurer will actually be covering the same risk for Longwood that it is covering for Melcara, there is no basis at this time to dismiss the indemnification claim on the basis of anti-subrogation.
Issues of fact otherwise exist as to whether Longwood was negligent in its maintenance of the fire escape drop ladder, that is, whether the alleged defect [*4]existed for a sufficient length of time for Longwood to have been aware of it and remedied it (Urban v No. 5 Times Sq. Dev., LLC, 62 AD3d 553, 555 [1st Dept 2009]; Colon v Bet Torah, Inc., 66 AD3d 731, 732 [2d Dept 2009). Accordingly, Longwood is not entitled to summary judgment on its contractual indemnification claims against Melcara, AAD, AIM, C&W, and Cross (General Obligations Law § 5-322.1; Cackett v Gladden Props., LLC, 183 AD3d 419, 422 [1st Dept 2020]).[FN1]
Because C&W and Cross had undertaken to repair the fire escape drop ladder that malfunctioned, causing plaintiff's accident, issues of fact exist as to whether the accident arose out of their work or their negligence. Consequently, Cross is not entitled to the dismissal of the third-party negligence, common-law indemnification, and contribution claims against it (see Morales v Spring Scaffolding, Inc., 24 AD3d 42, 46-47 [1st Dept 2005]), and C&W is not entitled to the dismissal of Longwood's, Triboro's, and AAD's common-law indemnification and contribution claims against it (id.). However, because AIM and Cross did not oppose C&W's motion for summary judgment dismissing their claims against it for common-law indemnification and contribution, those claims should be dismissed.
Cross is not entitled to the dismissal of Longwood's contractual indemnification claim against it. While a clause in construction subcontracts incorporating the prime contract by reference only applies to scope, quality, character, and manner of work (see Waitkus v Metropolitan Hous. Partners, 50 AD3d 260, 260-261 [1st Dept 2008]), Cross's blanket subcontract itself contained an indemnification provision expressly in favor of "Owner," and the owner indemnitee's identity may be determined by reference to the incorporated prime contract where it is unclear from the face of the subcontract (Frank v 1100 Ave. of the Ams. Assoc., 159 AD3d 537, 538 [1st Dept 2018]; Higgins v TST 375 Hudson, L.L.C., 179 AD3d 508, 511 [1st Dept 2020]).
However, Cross is entitled to the dismissal of Longwood's claim against it for breach of contract for failure to procure insurance, since Cross's blanket subcontract with C&W only required it to procure insurance for C&W. Unlike the indemnity provision, there is no express provision for Cross to procure insurance for the owner.
C&W failed to establish that it is entitled to the dismissal of Longwood's and Triboro's claims against it for breach of contract for failure to procure insurance. While it procured a primary policy naming them as additional insureds, it did not show that it procured an excess liability policy naming them as additional insureds, as required by its contract. Longwood is not entitled to summary judgment on its cross claim against AAD for breach of contract for failure to procure insurance. It has not shown that the general liability policy obtained by AAD fails to comply with the scope of the insurance procurement provision. However, AIM does not contest that Longwood [*5]is entitled to summary judgment on its claim against AIM for breach of contract for failure to procure insurance.
AIM is not entitled to the dismissal of Longwood's claim against it for contractual indemnification and Longwood's and Triboro's claims against it for common-law indemnification and contribution. AIM's sub-subcontract "directly, firmly and explicitly evidenced [AIM's] promise to assume responsibility for the safety of its employees, procure insurance protecting [Triboro and the Owner]" — including for injury to an AIM employee — "and indemnify [them] in the event of an on-the-job injury" (Rodrigues v N & S Bldg. Contrs., Inc., 5 NY3d 427, 433 [2005]). Thus, it met the requirements of the Workers' Compensation Law (id.). Further, AIM failed to show through competent medical evidence that plaintiff did not suffer a grave injury (Galindo v Dorchester Tower Condominium, 56 AD3d 285 [1st Dept 2008]; see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
The motion court should not have granted as unopposed Triboro's motion for summary judgment dismissing Cross's contribution claim against it. Cross submitted a brief affirmation incorporating the argument made in its affirmation in support of its own motion. While it apparently failed to annex to its opposition the original affirmation, that affirmation was nevertheless before the court.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2021



Footnotes

Footnote 1: Melcara argues for the first time in its reply brief that the motion court improperly granted Longwood's motion based on failure to procure insurance. Consequently, we do not address this issue (Shia v McFarlane, 46 AD3d 320 [1st Dept 2007]).