Johnson v Cremoux

2026 NY Slip Op 02635

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Anthony Johnson, appellant-respondent,

v

Gerard Cremoux, et al., defendants third-party plaintiffs-respondents, Scott Bavosa Construction Corp., defendant third-party defendant-respondent- appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2022-00326, (Index No. 500451/18)

Valerie Brathwaite Nelson, J.P.

William G. Ford

Lillian Wan

Laurence L. Love, JJ.

Rosenberg, Minc, Falkoff & Wolff, LLP, New York, NY (Jesse M. Minc of counsel), for appellant-respondent.

Baxter Smith & Shapiro, P.C., Hicksville, NY (Robert C. Baxter and Sean Hughes of counsel), for defendants third-party plaintiffs-respondents.

Conway, Farrell, Curtin & Kelly, P.C., New York, NY (Michael T. Blumenthal of counsel), for defendant third-party defendant-respondent-appellant.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant third-party defendant cross-appeals, from an order of the Supreme Court, Kings County (Lisa S. Ottley, J.), dated January 4, 2022. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6) and granted that branch of the cross-motion of the defendants third-party plaintiffs which was for summary judgment dismissing that cause of action insofar as asserted against them. The order, insofar as cross-appealed from, denied the motion of the defendant third-party defendant for leave to amend its third-party answer.

ORDERED that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the cross-motion of the defendants third-party plaintiffs which was for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against them, and substituting therefor a provision denying that branch of the cross-motion, and (2) by deleting the provision thereof denying the motion of the defendant third-party defendant for leave to amend its third-party answer, and substituting therefor a provision granting the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendant third-party defendant payable by the plaintiff and the defendants third-party plaintiffs appearing separately and filing separate briefs.

On November 3, 2016, the plaintiff, an employee of the defendant third-party defendant, Scott Bavosa Construction Corp. (hereinafter Bavosa Corp.), was working on a renovation project at a property owned by the defendants third-party plaintiffs, Gerard Cremoux and Catherine Cremoux (hereinafter together the Cremoux defendants). The plaintiff allegedly was using a table saw to cut a piece of masonite when the saw blade caught on his glove and cut off the middle and index fingers, as well as parts of the pinky and ring fingers, of his left hand.

The plaintiff commenced this action against the Cremoux defendants and Bavosa Corp., alleging, inter alia, a violation of Labor Law § 241(6). In March 2018, the Cremoux defendants commenced a third-party action against Bavosa Corp. for common-law indemnification. The plaintiff filed a note of issue dated April 21, 2021. Thereafter, the plaintiff moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6), which was predicated upon violations of 12 NYCRR 23-1.5, 23-1.12, and 23-9.2. The Cremoux defendants cross-moved, among other things, for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against them. Bavosa Corp. moved for leave to amend its third-party answer to add an affirmative defense that the third-party complaint is barred by the antisubrogation doctrine. In an order dated January 4, 2022, the Supreme Court, inter alia, denied that branch of the plaintiff's motion, granted that branch of the Cremoux defendants' cross-motion, and denied Bavosa Corp.'s motion. The plaintiff appeals, and Bavosa Corp. cross-appeals.

Labor Law § 241 applies to "[a]ll contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work." "The phrase 'direct or control' is 'construed strictly and refers to the situation where the owner supervises the method and manner of the work'" (Cadena v Kupferstein, 238 AD3d 973, 974, quoting Miller v Shah, 3 AD3d 521, 522; see Lazo v Ricci, 178 AD3d 811, 812). Additionally, the "homeowner exemption does not apply to property owners who 'use their one or two-family premises entirely and solely for commercial purposes'" (Manfredo v Marvin & Mario Constr., Inc., 216 AD3d 634, 634, quoting Van Amerogen v Donnini, 78 NY2d 880, 882), but it is applicable "when an owner of a one-or two-family dwelling contracts for work that directly relates to the residential use of the home, even if the work also serves a commercial purpose" (Bartoo v Buell, 87 NY2d 362, 368; see Manfredo v Marvin & Mario Constr., Inc., 216 AD3d at 634-635).

Here, the Supreme Court erred in concluding that the Cremoux defendants were entitled to the homeowner's exemption pursuant to Labor Law § 241(6). Initially, in support of his motion, the plaintiff failed to eliminate all triable issues of fact as to whether the homeowner's exemption applied. The plaintiff submitted an expert affidavit in which the expert opined that the premises was not a one- or two-family dwelling because, although the Cremoux defendants and the defendant Gerard Cremoux's mother-in-law (hereinafter the mother-in-law) occupied two of the three units, the mother-in-law lived on a separate floor in a unit with a separate entrance, kitchen, and bathroom. However, the plaintiff also submitted transcripts of the deposition testimony of the Cremoux defendants, which established that the mother-in-law bought groceries and cooked for the Cremoux defendants, spent about two hours per day in the Cremoux defendants' unit, would use the Cremoux defendants' entrance half of the time, and did not pay rent. Taken together, this evidence fails to eliminate all triable issues of fact as to whether the Cremoux defendants are entitled to the homeowner's exemption pursuant to Labor Law § 241(6). In support of their cross-motion, the Cremoux defendants, relying on their deposition testimony, also failed to eliminate all triable issues of fact as to whether the homeowner's exemption applied for the same reasons (see Hannan v Freeman, 169 AD3d 1016, 1017).

Labor Law § 241(6) imposes a nondelegable duty upon owners and general contractors to provide reasonable and adequate protection and safety for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor (see Misicki v Caradonna, 12 NY3d 511, 515; Perez v 286 Scholes St. Corp., 134 AD3d 1085, 1086). To establish liability under Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case (see Cadena v Kupferstein, 238 AD3d 973, 975; Zaino v Rogers, 153 AD3d 763, 764).

Here, in support of their cross-motion, the Cremoux defendants relied on deposition testimony of Bavosa Corp.'s owner, in which he could not definitively establish that there was a saw blade guard available to the plaintiff but stated that his employees would often remove the blade guard. This uncertainty does not eliminate all triable issues of fact as to whether the Cremoux defendants violated the relied-upon Industrial Code provisions. As such, the Cremoux defendants did not meet their prima facie burden and that branch of their cross-motion which was for summary [*2]judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against them should have been denied, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).

As for that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6), in an affidavit that he submitted the plaintiff averred that there was no saw blade guard. He also submitted images of the saw from the worksite, which do not depict the saw blade guard on or near the saw. Coupled with Bavosa Corp.'s owner's equivocal testimony as to the availability of the saw blade guard, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).

However, in opposition, Bavosa Corp. raised a triable issue of fact. Bavosa Corp. submitted affidavits from two of its employees who were at the worksite at the time of the accident, both of whom testified that there was a saw blade guard on the premises that any of the employees could have used. Contrary to the plaintiff's contention, those affidavits may be considered. Although failure to disclose a witness is grounds for precluding that witness's testimony (see Awai v Benchmark Constr. Serv., Inc., 172 AD3d 978, 979; Perez v New York City Hous. Auth., 75 AD3d 629, 630), these witnesses were disclosed to the plaintiff during the deposition of Bavosa Corp.'s owner. Further, the fact that the affidavits were sworn to in New Jersey and lacked a certificate of conformity is not a fatal defect (see Willingham v LeJarde, 218 AD3d 518, 518; Wise v Boyd Bros. Transp., Inc., 194 AD3d 1096, 1097). Thus, the affidavits of Bavosa Corp.'s employees raised a triable issue of fact as to whether 12 NYCRR 23-1.5, 23-1.12, and 23-9.2 were violated, and the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6) (see Cadena v Kupferstein, 238 AD3d 973, 975-976; Cruz v 1142 Bedford Ave., LLC, 192 AD3d 859, 862-863).

Leave to amend a pleading should be freely given "where the amendment is neither palpably insufficient nor patently devoid of merit, and the delay in seeking amendment does not prejudice or surprise the opposing party" (Ulster Sav. Bank v Fiore, 165 AD3d 734, 736; see HLI Rail & Rigging, LLC v Franklin Exhibit Mgt. Group, LLC, 237 AD3d 1071, 1072). "'The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion'" (Matter of Chustckie, 203 AD3d 820, 822, quoting Ditech Fin., LLC v Khan, 189 AD3d 1360, 1362). "In the absence of prejudice or surprise to the opposing party, a motion to amend should be granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Deutsche Bank Natl. Trust Co. v Kreitzer, 203 AD3d 800, 803; see Kennedy v Bracey, 219 AD3d 889, 890).

The Supreme Court should have granted Bavosa Corp.'s motion for leave to amend its third-party answer to add an affirmative defense that the third-party complaint is barred by the antisubrogation doctrine. This doctrine "provides that an insurance company cannot recover from its own insured for the very risk for which the insured was covered" (Storms v Dominican Coll. of Blauvelt, 308 AD2d 575, 577; see Homeland Ins. Co. of N.Y. v National Grnage Mut. Ins. Co., 84 AD3d 737, 739).

Here, Bavosa Corp.'s liability insurance policy excluded from its coverage bodily injury to an employee of the insured arising out of and in the course of the employment. Though this exclusion "does not apply to liability assumed by the insured under an 'insured contract,'" Bavosa promised in its construction contract with the Cremoux defendants to indemnify the Cremoux defendants against, among other things, all liabilities, causes of action, and claims. Thus, the bodily injury exemption does not apply, and Bavosa Corp. was insured for the risk for which it now seeks to prevent subrogation. Therefore, Bavosa Corp.'s proposed amendment to its third-party answer was neither palpably insufficient nor patently devoid of merit (cf. Porter v Annabi, 65 AD3d 1322, 1322; Blanco v CVS Corp., 18 AD3d 685, 686), and the Supreme Court should have granted Bavosa Corp.'s motion.

The plaintiff's remaining contentions are without merit.

BRATHWAITE NELSON, J.P., FORD, WAN and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court